IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MOORE, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 22-2574 |
| | : | |
| v. | : | |
| | : | |
| JAMIE SORBER, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : : : : : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 25th day of July, 2022, after considering the unopposed motion to stay filed by the petitioner, John Moore ("Moore") (Doc. No. 4), it is hereby **ORDERED** as follows:

1. The motion to stay this action (Doc. No. 4) is **GRANTED**, and this matter is **STAYED** to allow Moore to exhaust his state court remedies;[1]

---

[1] On May 9, 2000, the Philadelphia Court of Common Pleas sentenced Moore to life imprisonment for second degree murder, possession of an instrument of a crime, criminal conspiracy, and robbery. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at ECF p. 5, Doc. No. 2; Docket, *Commonwealth v. Moore*, No. CP-51-CR-201061-1998 (Philadelphia Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0201061-1998&dnh=w%2BWsudOeBaAyma4QXmp%2FdA%3D%3D ("Com. Pl. Docket"). Recently, on April 20, 2022, Moore filed a petition under Pennsylvania's Post-Conviction Relief Act, 42 Pa. C.S. §§ 9541–9546, ("PCRA"). *See* Pet. at ECF p. 2; Com. Pl. Docket at 10. On July 1, 2022, Moore filed the instant habeas petition, after receiving permission from the Third Circuit Court of Appeals to file a second or successive habeas petition. *See* Doc. Nos. 1, 2. In the habeas petition, Moore raises claims relating to alleged due process violations based on suppression of evidence and new evidence supporting innocence. *See* Pet. at ECF pp. 9–12.

Presently before the court is Moore's motion to stay, which he filed on July 21, 2022. *See* Doc. No. 4. In the motion, Moore represents that the respondents do not oppose his request to stay this action. *See* Unopposed Mot. to Stay at ¶ 12, Doc. No. 4.

Even though the instant motion is uncontested, the court notes that while district courts may stay and abey a habeas petition, the Supreme Court has cautioned against liberal use of the stay and abey procedure because:

> [s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

2. Moore is **DIRECTED** to **NOTIFY** this court within **thirty (30) days** after the state court resolves his PCRA petition and request that the court vacate the current stay; and

3. The clerk of court is **DIRECTED** to **PLACE** this matter in civil suspense pending further order of court.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

*Rhines v. Weber*, 544 U.S. 269, 277 (2005). Thus, to justify a stay, a habeas petitioner must satisfy three requirements: (1) good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner must not have engaged in intentionally dilatory litigation tactics. *Heleva v. Brooks*, 581 F.3d 187, 190, 192 (citing *Rhines*, 544 U.S. at 278).

In addition, "while it usually is within a district court's discretion to determine whether to stay or dismiss a mixed petition, staying the petition is the only appropriate course of action where an outright dismissal could jeopardize the timeliness of a collateral attack." *Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) (citations and internal quotation marks omitted). As such, "[a] key pre-requisite to the granting of a stay under the standard of *Rhines* is that there be a real danger the petitioner would, after dismissal without prejudice of the federal habeas action, be time-barred upon his return to federal court after the state proceedings are no longer pending." *Osburne v. Kerestes*, No. 15-cv-6493, 2016 WL 2954162, at *4 (E.D. Pa. Mar. 31, 2016), *report and recommendation adopted*, 2016 WL 2939520 (E.D. Pa. May 19, 2016).

Here, Moore seeks a stay in his habeas action because his state post-conviction proceedings are unresolved, meaning he has not exhausted his state court remedies and federal habeas review would be premature. Mot. to Stay the 2254 Fed. Habeas Corpus Pet. ("Mot. to Stay") at 2, Doc. No. 4. He was compelled to seek federal court protection "before exhausting state court remedies because his failure to do so could forever bar him from obtaining federal habeas review of the claims he is currently litigating in state court." *Id.*

As to the first *Rhines* factor, the court finds that dismissing Moore's petition could jeopardize his right to seek federal review after his state court remedies have been exhausted, satisfying the good cause requirement for the court to grant a motion to stay.

With regards to the second *Rhines* factor, the potential merit of any of Moore's claims, the court cannot say at this early stage that they are not potentially meritorious. Concerning the final *Rhines* factor, it appears Moore has not engaged in intentionally dilatory litigation tactics.

Accordingly, as Moore satisfies all the *Rhines* factors for a stay, the court grants the motion to stay and will stay this case pending the exhaustion of state court remedies. Once the court vacates the stay, the court will refer this matter for a report and recommendation by a United States Magistrate Judge.